No. 40.—JESSE M. JONES, adm'r, &c. plaintiff in error, *vs.* ERASTUS BEALL, defendant in error.

[1.] R B having been stabbed by L, requested his brother, A B, to employ Counsel and prosecute L for the stabbing, telling A B that whether he lived or died, he, A B, should be paid. R B died. After his death, A B employed and paid Counsel to prosecute L: *Held,* that by the death of R B, the request was revoked, and that therefore, A B was not entitled to recover from R B's administrator, what he had paid to Counsel to prosecute the case against L.

Assumpsit, in Warren Superior Court.   Tried before Judge T. W. THOMAS, October Term, 1855.

This action was brought by Erastus Beall, against the administrator of Robert Beall, upon the following facts:

One John Lovett stabbed Robert Beall.   Robert Beall requested his brother Erastus to employ Counsel and prosecute Lovett for this offence, and told him that whether he lived or died, he should be paid.   Robert Beall died.   Erastus Beall, after the death of Robert, employed Counsel and prosecuted Lovett, and paid therefor the sum of $175.   This action was against the administrator, to recover this amount.   The Court below charged the Jury, that the plaintiff below was entitled to recover the same, with interest thereon; and this decision is assigned as error. .

GIBSON; JONES, for plaintiff.

COBB, representing POTTLE, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the request which Robert Beall made of his brother, Erastus Beall, revocable?   And was it revoked by the death of Robert ?   This is the only question.

It appears that Erastus Beall did nothing under the request, until after the death of Robert.

It does not appear that Erastus Beall bound himself, in any way, to comply with the request.   If, therefore, he had never complied with it, Robert Beall, even if he had lived, could not have had an action against him, for the failure. Of course Robert's executors could not.

A request of such a nature as this, whether we call it a matter of contract or a matter of agency, is, we think, revocable at any time before it is acted on.

It is said in *Addison on Contracts*, (36) that " in all cases where there is no mutuality of contract and obligation, there is nothing to bind the party to the continuance of his promise, so long as nothing has been *done* upon the faith of it; and the party making the promise, or giving the undertaking, may, at any time before it has been accepted and acted upon, and any portion of the intended consideration has been ac-

complished, retract such promise or withdraw such undertaking, and place himself in the same situation as if it had never been made."

This, we think, is law.

This request, therefore, we think was one which might have been revoked at any time before it was acted on. If Robert Beall had lived, can there be a doubt that he would not have had it in his power to dispense with the services of his brother and attend to his own case for himself?

Was the request revoked? We think it was. Before any thing was done under it, the author of it, Robert Beall, died. Death is a revocation of an agency; and a request which is revocable, cannot amount to anything of a higher nature than that of an agency. It cannot have in it more of vitality than an agency has.

But, indeed, it is by no means inconsistent with what passed between these brothers, to say that the intention of Robert was to create an agency and nothing else. At the time when Robert made this request of his brother, it does not appear that he expected to die of the wound which he had received. The most that can be said on that subject is, that he had apprehensions that death might result from the wound. If we say that the expectation of living was stronger with him than the fear of dying, then I think we must say that all he wanted with his brother was, that his brother should act as his agent until he so far recovered from his wound that he could act as his own agent. Doubtless he wanted the prosecution to commence instantly. That it might commence instantly, an agent was necessary, even if it should turn out that he, himself, would be well again in a few days; but, in that event, nothing more than such a temporary agent would be necessary; for as soon as he should recover he, himself, would be, in all respects, a better agent than any other to attend to the prosecution. Not only is this so, but it is a fair presumption, that if he recovered he would not be disposed to yield the office of prosecutor to any one. So that if we can say that Robert expected to live, we have to say

that his design was to create nothing but an agency—an agency to last through the period of his illness, and no longer. This we can say, at least, as easily as we can say that he expected to die.

Upon the whole, therefore, we are constrained to say that we think the request was revoked by the death of the maker of it, Robert Beall—that death occurring before the request had been acted upon by Erastus Beall, to whom it was preferred. And as in this we differ from the Court below, we have to order a new trial.